RAY JONES V. THE STATE.

No. 6752.    Decided May 31, 1922.

Rehearing Denied December 6, 1922.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape by force, defendant was convicted of said offense, inflicting the death penalty, and the evidence was sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of rape by force, the court's charge on circumstantial evidence required the jury to find that no other person committed the offense charged than the accused, this is equivalent to instructing them that the circumstances must exclude every other reasonable hypothesis except that of the defendant's guilt, and there was no error.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of rape by force, a physician had testified that in his opinion the wound on the finger of appellant was the result of a bite, and then stated the reasons for his opinion, no objection having been taken as to what caused the bite, there was no reversible error.

**4.—Same—Rehearing—Identity of Defendant.**

Where, upon motion for rehearing, appellant contended that the evidence upon the question of his identity as the party who committed the assault upon the alleged female was not sufficient to support the conviction, but the record showed on appeal that when all of the circumstances taken together leave no doubt in the minds of the members of the court as to the identity of the appellant as the man who committed the assault, the motion must be overruled.

Appeal from the District Court of Colorado.    Tried below before the Honorable M. Kennon.

Appeal from a conviction of rape by force; penalty, death.

The opinion states the case.

*Frnka & Spencer,* for appellant.—On question of insufficiency of the evidence: Harrison v. State, 16 Texas Crim. App., 325; Gill v. State, 36 Texas Crim. Rep., 589; Grant v. State, 42 id., 275; Thompson v. State, 45 id., 397; Smith v. State, 45 id., 405; Weaver v. State, 46 id., 607; Mueller v. State, 215 S. W. Rep., 93; Burkhalter v. State, 212 id., 163; Hightower v. State, 237 id., 1112.

On question of circumstantial evidence; Pogue v. State, 12 Texas Crim, App., 283; Warren v. State, 52 Texas Crim. Rep., 52.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Colorado County of rape upon one Mrs. Burnett, and his punishment fixed at death.

Appellant is a negro boy and lived in the same neighborhood as Mrs. Burnett. On the night of the alleged rape she was at home alone. After she had retired and gone to sleep she was awakened by the presence of a man in her room. The man jerked her out of bed, and she said she fell on her face on the floor, in which position she remained during a protracted struggle with her assailant. In reply to a question asked by the State's attorney, she said that her private organ was penetrated by that of her assailant. The appellant did not take the stand and testify. The case was one of circumstantial evidence, the State relying upon the fact that the party assaulting Mrs. Burnett was a negro and spoke Spanish, and was bare-footed, and that Mrs. Burnett bit him on the finger during the struggle, and reaching over her shoulder, caught him by the hair and pulled out some of his hair, it being further shown by the evidence that barefoot tracks were found the next day under her window corresponding to tracks made by appellant, and that it appeared that a part of appellant's hair was gone in the front part of his head where he wore it long, and that he spoke Spanish, and that when arrested on the same night he had a wound on his finger which a doctor said, in his opinion, was the result of a bite. This court confesses to some reluctance in the affirmance of this case because mainly of the fact that the testimony appears slight upon the question as to whether or not there was penetration of her by the private member of the appellant. She testified that she lay upon her face during the entire occurrence, and that appellant was struggling with her and holding her down, and was upon her back and over her while the struggle was going on. There appears in the record but slight examination of the woman on the subject of penetration, and this added to what might seem the physical difficulty, if not improbability, in case of resistance, of penetration from the rear, and also the likelihood that in her excitment or fright, she might have been mistaken in her statement to the district attorney that she was penetrated, causes us to hesitate. However, we do not feel willing to permit such feeling of reluctance to lead us to the unwarranted length of reversing this case. There is but one bill of exceptions to the introduction or rejection of evidence. It appears that after the physician had testified

that in his opinion the wound on the finger of appellant was the result of a bite, he proceeded then to state his reason for said opinion. No objection having been made to his statement as to what caused the bite, we think it competent for him to explain his reasons for arriving at such conclusion.

An exception was taken to the charge of the court because of the fact that it failed to instruct the jury that in a case of circumstantial evidence the circumstances must exclude every other reasonable hypothesis except that of the guilt of the accused, and a special charge was presented to the trial court including in it this omitted portion of what ordinarily appears in such a charge. The charge on circumstantial evidence was as follows:

"To connect the defendant with the alleged rape charged in the indictment, the State relies wholly on circumstantial evidence, and you are instructed that to warrant a conviction on such evidence, each fact necessary to the conclusion sought to be established must be proven by competent evidence beyond a reasonable doubt, and all the facts necessary to such conclusion must be consistent with each other and the main fact sought to be proven, and the circumstances, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused, and not another person, committed the offense charged. If the evidence in this case fails to establish, beyond a reasonable doubt, any link in the chain of circumstances necessary to connect the defendant with the commission of the crime charged (if there be such chain of evidence proven), you will acquit the defendant."

It will be observed that this does not instruct the jury that the circumstances must exclude every other reasonable hypothesis except that of the guilt of the defendant. Mr. Branch on page 1042 of his Annotated P. C., cites various authorities holding that where the charge on circumstantial evidence requires the jury to find that "no other person committed the offense charged," this is equivalent to instructing said jury that the circumstances must exclude every other reasonable hypothesis except that of the defendant's guilt. We have examined the authorities cited by Mr. Branch in support of the text and are of opinion the test of exclusion which is laid down by all of the authorities as necessary in a charge on circumstantial evidence, is met by the use of the words above referred to.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

December 6, 1922.

HAWKINS, JUDGE.—Appellant avers in his motion for rehearing that the evidence upon which the question of his identity as the party who committed the assault upon Mrs. Burnett is not sufficient to support the judgment of conviction.

While we did not set out the testimony at length the same was considered by us and deemed to be sufficient, but in the light of the motion for rehearing and argument in connection therewith we have again carefully examined the record upon this point. Mrs. Burnett testified that the party who committed the assault upon her talked in Spanish; that she told him he was not a mexican but a negro; that he replied in Spanish: "What's that you are saying about a negro?" She had lived among mexicans for a number of years and familiar with the musical sound they gave their language; from this fact she knew that the party talking was not a mexican; that he did not give it the same sound a mexican does. The evidence discloses from other sources that appellant did talk Spanish and that there were few other negroes, if any, in the neighborhood who did. Prosecutrix further testified that as her assailant was trying to get his hand on her throat she got the forefinger of his right hand in her mouth and inflicted a bite thereon; that she knew her upper teeth went through the skin. When appellant was arrested a wound was found upon his right forefinger which was examined by a physician. He described the wound particularly and says upon the under side of the finger where the skin was tough there was a mark or bruised place corresponding with the open wound on the upper side of the finger; that the wound had the appearance of having been made by a pinch of some kind, brusing the under side and cutting the upper. He said in his judgment from knowledge of wounds generally and his experience that the wound he examined was inflicted by a bite. The prosecutrix described in detail the manner in which she got her assailant's finger in her mouth, and as we understood the record her testimony corresponds exactly with the conditions found to exist upon appellant's forefinger at the time of his arrest. She further testifies that she reached back over her shoulder and caught her assailant by the hair on the front part of his head and pulled some of it out. The evidence shows that appellant's hair was cut very short except immediately in front, where, as one witness described it, he had a "foretop." On one side of his head there was a thin place indicating that the hair had been removed. The hair which Mrs. Burnett claims to have pulled from her assailant's head was found upon the floor. It was compared with appellant's hair and was found to correspond in length and color.

It was kinky, but not a short kink like most negro hair, but a long kink or wave. It is further shown in evidence that the party committing the assault upon Mrs. Burnett was entirely nude. The sheriff testified that barefoot tracks were traced from the house to a point where appearances indicated the party had resumed his clothes, as the barefoot tracks came to that point but only shod tracks went away. They traced these shoe tracks to the house where appellant lived, and also found tracks leading from the house to the place where the clothing had been apparently removed. There were no distinguishing features about this shoe track except that they appeared to have been made with new shoes, that is, the soles and heels had not been worn. Appellant was shown to have such a pair of shoes. After he was arrested he was taken to the place where the barefoot tracks appeared, his shoes removed and his feet put down beside the barefoot tracks. The testimony is that they corresponded with the barefoot tracks. The sheriff testified that they had some difficulty in getting appellant to put his feet down flat on the ground as he had a tendency to either pull up his toes or his heel. The evidence further shows that when the sheriff went to the house where appellant lived he had already been informed that Mrs. Burnett had inflicted a bite on the right forefinger of her assailant. The sheriff called for appellant and told him he desired to see his hands; appellant first put out his left hand; upon being told that he wanted to see the other hand he put it out in such a way as not to show the open wound on the top part of his forefinger, and it was necessary for the sheriff to turn his hand over in order to find that. Prosecutrix testified also that her assailant was a small negro and this corresponded to appellant's size. During the trial of the case Mrs. Burnett heard appellant talking with his lawers and testified that the voice appeared to be the same as that of her assailant.

We have undertaken to condense the testimony as much as possible upon the question of identity and have done this in view of the insistence of appellant that the evidence is not sufficient upon that point. We are not able to agree with him in that contention. If the State was compelled to reply upon any particular feature of the identifying evidence, such as the voice, tracks, etc., it might fall short of meeting the requirements of the law which would authorize us to permit this conviction to stand; but when it is all taken together it leaves no doubt in our minds as to the identity of appellant as the man who committed the assault upon Mrs Burnett. It may be admitted that the most damaging feature looking to the identity is the bite on the forefinger. He undertook to show that the wound was inflicted with the sharp end of a maize stalk while he was unloading same. This might reasonably account for the circular or half-circular cut upon the top part of his finger, but

4—93 T. C. R.

leaves entirely unexplained the corresponding bruise upon the lower side. The jury rejected this explanation and we would not be authorized to say that they were not justified in doing so.

Believing that our former dispostion of the case was correct, the motion for rehearing is overruled.

*Overruled.*