## W. A. HENSON v. THE STATE.

No. 14710.   Delivered April 20, 1932.

The opinion states the case.

*Tom Davis,* and *Murchison & Murchison,* all of Haskell, and *E. V. Hardwick,* of Stamford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

The sheriff of Jones county had received information that appellant was coming into Jones county driving an automobile loaded with whisky. Taking two of his deputies with him, the sheriff drove two or three miles over into Haskell county to await appellant's approach. Appellant finally came down the highway in his automobile. Having passed the officers, they pursued him to a point about half a mile from the Jones county line. At this point appellant was stopped and his car searched. The car contained about eight gallons of whisky. The officers had no warrant of arrest or search warrant.

It is certified in the bills of exception complaining of the testimony of the officers touching the result of the search that the officers had no search warrant or warrant of arrest; that appellant did not consent to the search of his car; that the officers could not see or detect any whisky in appellant's car until after they had made the search; that the search occurred in Haskell county at a point about one-half mile from the Jones county line; that appellant had not been in Jones county prior to the search; that the sheriff of Jones county and his deputies did not hold any commission as officers of Haskell county, where the search was made; that the sheriff and his depnties were the only persons present at the search.

Appellant timely and properly objected to the testimony of the officers touching the result of the search.

At common law, a sheriff had no jurisdiction beyond the boundaries of his county. Jones v. State, 26 Texas App., 1, 9 S. W., 53, 8 Am. St. Rep., 454; Voorhes on the Law of Arrest (2d Ed.), p. 125; Ruling Case Law, vol. 2, p. 469. Our Constitution provides for this officer and gives to the Legislature the right to prescribe his duties. Prior to the enactment of article 223, C. C. P., to which reference is hereinafter made, this court, in Jones v. State, supra, held that there was no statute giving jurisdiction to the sheriff to serve capias beyond the limits of his county. In Jones' case a deputy sheriff of Llano county went into San Saba county with a warrant of arrest for Jones issued by the clerk of Jeff Davis county. Jones resisted arrest and a difficulty ensued between him and the officer. The officer was killed. On the trial of Jones the court declined to submit to the jury the law relating to the prevention of an illegal arrest. Speaking through Judge Hurt, this court held that the officer had no right to serve capias beyond the limits of his county and that the attempted arrest was unlawful. The failure of the court to embody in the charge the rules applicable to homicide committed in the prevention of an illegal arrest was held to be reversible error.

A general view of our statutory provisions defining the authority of peace officers is necessary to a proper solution of the question. Article 41, C. C. P., reads as follows: "Each sheriff shall be a conservator of the peace in his county, and shall arrest all offenders against the laws of

the State, in his view or hearing, and take them before the proper court for examination or trial. He shall quell and suppress all assaults and batteries, affrays, insurrections and unlawful assemblies. He shall apprehend and commit to jail all offenders, until an examination or trial can be had."

Article 36, C. C. P., defines peace officers, sheriffs being included in the definition. Article 37, C. C. P., provides: "It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall, in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is auhorized by law, in order that they may be taken before the proper magistrate or court and be tried."

Article 38, C. C. P., provides that whenever a peace officer meets with resistance in discharging any duty imposed upon him by law that he shall summon a sufficient number of citizens of his county to overcome the resistance. In defining the duties of state rangers, in article 6570, Revised Statutes, 1925, the Legislature used language as follows: "They shall have authority to make arrests, and to execute process in criminal cases, and in such cases shall be governed by the laws regulating and defining the powers and duties of sheriffs when in discharge of similar duties; except that they shall have the power and shall be authorized to make arrests and to execute all process in criminal cases in any county in the State." ·

Article 223, C. C. P., provides: "A warrant of arrest, issued by any county or district clerk, or by any magistrate (except county commissioners or commissioners courts, mayors or recorders of an incorporated city or town), shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the name has been transferred, shall be authorized to execute the same in any county in this state."

The opinion is expressed that the statutes quoted and those to which reference has been made evidence the intention of the Lgislature to confine the jurisdiction of the sheriff of his county, except in so far as the authority to execute warrants of arrest in any county of the state is conferred by article 223, C. C. P. The sheriff is a conservator of the peace *in his county*. It is his duty to preserve the peace *within his jurisdiction*. · In performing this duty he may, in meeting with resistance in the discharge of any duty imposed upon him by law, summon *citizens of his county* to overcome the resistance. The same statutes respecting the

authority to make arrests and execute process in criminal cases govern sheriffs and state rangers, *except that state rangers have the power to make arrests in any county in the state.* Article 223, C. C. P., authorizing the execution of a warrant of arrest by a sheriff under the conditions stated in the article in any county in the state is not deemed to have the effect to extend generally the jurisdiction of a sheriff beyond the borders of his county. In the absence of a warrant of arrest issued under the provisions of article 223, supra, a sheriff as such is not authorized to make an arrest outside of his county. We are supported in our conclusion by the case of McCaslin v. McCord, 116 Tenn., 690, 94 S. W., 79, 82, 8 Ann. Cas., 245. In that case, a statute similar to article 223, supra, was construed by the Supreme Court of Tennessee. Under the Tennessee statute a warrant or capias for the arrest of any person charged with the commission of a crime may be executed by any sheriff, deputy sheriff, constable, coroner or other officer in any county of the state. In declining to extend the authority of an officer to make an arrest without a warrant beyond the boundaries of his county, the court, among other things, said: "Moreover, it is not in accord with sound policy that the authority referred to should be greater, since the invasion of the privacy of the citizen in his home is an extreme hardship, always tends to conflict and bloodshed, and may be undertaken by nefarious persons for criminal purposes. It may be added that in view of the ample provisions made for the issuance and service of warrants of arrest, above referred to, there is no danger that the administration of the criminal laws of the State will suffer by reason of the construction herein given to the statutes."

The following is taken from 2 Ruling Case Law, page 469: "A public officer appointed as a conservator of the peace for a particular county or municipality as a general rule has no official power to apprehend offenders beyond the boundaries of the county or district for which he has been appointed. * * * Where the sheriff of a county attempts to make an arrest in another county, without a warrant, he is usually considered as having only the authority which a private person may have in apprehending criminals * * *."

In the present case, the relation the officers bore to the search was that of private citizens. No conditions were present, which would have authorized a private citizen to arrest appellant. See article 212, C. C. P. A private citizen would not have had the authority to search the car "upon probable cause". The officers having only the authority which private citizens would have had, under the facts reflected by the record, the search was illegal.

Article 727a, C. C. P.; 1925, as amended by the Acts Forty-first Legislature (1929), Second Called Session, chap. 45 (Vernon's Ann. C. C. P., art. 727a), provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or [of the Constitution] of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The search being illegal, the evidence of the officers was improperly received. Odenthall v. State, 106 Texas Crim. Rep., 1, 290 S. W., 743; Gunter v. State, 109 Texas Crim. Rep., 408, 4 S. W. (2d) 978.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.