SID MCDOWELL V. THE STATE.

No. 21685. Delivered· October· 29, 1941.

The opinion states the case.

*W. D. Nicholson,* of Jacksboro, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing intoxicating liquor for the purpose of sale in dry area.

Acting under authority of a search warrant officers found on appellant's premises 96 cans of Grand Prize beer, 33 bottles of Falstaff beer and two pints of whisky. Appellant testified that the liquor in question had been bought by him for his

own personal use, and that he had it for such purpose and not for the purpose of sale.

The State proved over appellant's objection by one of the officers that some two months before the raid he had bought a pint of whisky from appellant at the same place searched. The witness admitted that he had filed a complaint against appellant based upon said alleged sale, and that upon a trial appellant had been acquitted.

It has been the consistent holding of this court that upon a trial for possessing liquor for the purpose of sale the State may prove sales of such liquor, if not too remote, upon the issue of the purpose for which the liquor was possessed. See Atwood v. State, 96 Tex. Cr. R. 249, 257 S. W. 563; McLendon v. State, 101 Tex. Cr. R. 128, 274 S. W. 159; Griggs v. State, 99 Tex. Cr. R. 215, 268 S. W. 940; DeShazo v. State, 97 Tex. Cr. R. 490, 262 S. W. 764. However, we are not aware of any case where evidence of a claimed prior sale has been admitted over a judgment of acquittal of the particular act charged. The harm here is apparent. The State made a case where it was entitled to and received the benefit of the prima facie presumption of the purpose of sale from the quantity of liquor in appellant's possession. He undertook to combat the presumption by his claim that he had it for personal use. The issue was sharp. The State then sought the benefit of a claimed sale of which appellant had been found not guilty. We think error was committed in admitting the evidence.

Other bills of exception as qualified do not present error.

The judgment is reversed and the cause remanded.