RUBY CARROLL v. STATE

No. 25527. November 28, 1951.
Rehearing Denied January 9, 1952.

Hon. A. A. Payne, Judge Presiding.

*James L. Cutcher*, Childress, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for possession of intoxicating liquor for the purpose of sale and assessed a fine of $500.00.

Officers, armed with a search warrant, went to the home of appellant and found two quarts of liquor. Two men were present who, it appears, were transient workers living at some other place, in Texas or out of it. When the case was called to trial she presented a motion for continuance.

The bill bringing this motion to our attention recites that the case had been re-set under an agreement that a motion for continuance would not be made. The bill shows no diligence to get the witnesses. No motion for new trial was filed with affidavits by them that they would testify as set out in the motion for continuance and that the whisky belonged to them. There is no showing that they could be secured at another time. The court did not abuse his discretion.

Further attack is made on the records introduced showing Cottle County to be a dry area. The matters set out and complained of are such as cannot be utilized in a collateral attack and the merits of same are not considered.

Bill No. 3 complains of the introduction of the whisky in evidence because it is alleged that the search warrant is illegal. The grounds for this are not shown and we find nothing in the record to indicate the correctness of the allegation.

Bill of Exception No. 2 complains of the introduction in evi-

dence, by the clerk, of the record of five prior convictions, all for the sale of intoxicating liquor. Just when these convictions were had is not shown by the record and we are unable to understand the complaint made other than that it was an attack upon her character, which had not been put in issue. These convictions are proper circumstances to substantiate the state's contention that the possession of the liquor was for the purpose of sale. See McDowell v. State, 142 Tex. Cr. R. 530, 155 S.W. 2d 377; Brooks v. State, 138 Tex. Cr. R. 526, 137 S.W. 2d 768.

We find no reversible error and the judgment of the trial court is accordingly affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant insists that the proof was insufficient to show the dry status of Cottle County and that she did not collaterally attack the proceedings relied upon to establish such status.

To show that Cottle County was a dry area within the meaning of the Liquor Control Act, the state introduced in evidence the order of the commissioners' court of that county canvassing the returns and declaring the result of the election and the certificate of the county judge showing publication of the order putting local option into effect. The state did not introduce in evidence the order of the commissioners' court calling the election.

If we understand appellant's position, it is that the order calling the election is a necessary element to establish a dry area.

With this contention we do not agree. The order canvassing the returns and declaring the result shows that an election had been theretofore held. In the absence of evidence that an election was not in fact called, we are constrained to agree that the order canvassing returns and declaring the result, together with the certificate putting local option into effect, constitute prima facie evidence of the dry status of the area involved.

We remain convinced that a proper conclusion was reached originally, and the motion for rehearing is overruled.

Opinion approved by the court.