## ALCARIO SELESTINO V. STATE

No. 34,797.   October 17, 1962

*William J. Gillespie,* Lubbock, for appellant.

*Fred West,* County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful sale of beer in a dry area; the punishment, one year in jail and a fine of $1,000.00.

Leonard Lozano, an undercover agent of the Liquor Control Board, testified that while on duty in the City of Lubbock he went to a residence located at 1120 East 50th, where he successively bought three bottles of beer, one of them a 12-ounce bottle of Falstaff beer, from appellant, part of which he consumed on the premises; that he saw other people selling and consuming beer during his stay; and that he later identified appellant in a police lineup.

Appellant did not testify in his own behalf but called one Avelia Rangel who stated that she was present at the time and place mentioned in Lozano's testimony, that Lozano had bought and consumed some beer but that appellant was not present on such occasion.

Appellant first contends that the State failed to prove the dry status of Lubbock County in that they did not offer into evidence the order of the Commissioners Court calling the 1910 prohibition election. The order canvassing the returns and de-

claring the results of the prohibition election putting local option into effect, plus proof of the publication of said order, was introduced in evidence. This, we held in the relatively recent case of Johnson v. State, 167 Texas Cr. Rep. 284, 319 S.W. 2d 713, to be sufficient. The authorities are there cited.

Appellant's second contention is that the court erred in failing to declare a mistrial when the State's witness Lozano gave an alleged unresponsive answer to a question while being cross-examined by his (appellant's) counsel. Counsel was attempting to question the witness's ability to remember the names of people against whom he had instituted prosecutions. He was successful in securing from the witness an admission that he could not remember all of their names and then propounded the question, "* * * and how do you remember this one's name so well (referring to appellant)?" to which the witness replied, "Well, because I was told to watch him, because he—while back, he stabbed a policeman, I understand, that is the reason I watched him." The court in his charge instructed the jury not to discuss, mention or take into consideration such answer. In the relatively recent case of Jacks v. State, 167 Texas Cr. Rep. 1, 317 S.W. 2d 731, the deputy sheriff testified that defendant's reputation was bad, but admitted that he did not himself live in the community in question. When being pressed on cross-examination by counsel for accused as to whom he had heard discuss accused's reputation he answered the ex-wife of the accused. We held that such an answer was invited, and hence not grounds for reversal.

In Myers v. State, 159 Texas Cr. Rep. 347, 263 S.W. 2d 564, the sheriff was asked on cross-examination if he had not "been after" the accused for a year, to which he replied, "Yes, as long as he steals, I will be after him." We held that the answer was in response to the question, probably invited, and in explanation of his attitude toward accused. See also May v. State, 23 Texas App. 146, 4 S.W. 591, and Hill v. State, 54 Texas Cr. Rep. 646, 114 S.W. 117.

Appellant's last contention is interesting. The allegation in the information was that the sale was made in Justice of the Peace Precinct Number One. Appellant called the county surveyor and proved by him that the metes and bounds set forth in the Commissioners Court minutes creating Precinct Number One would not close. We are cited no authority on this question and are aware of none. Judge McCleskey, Justice of the Peace of Precinct One, Place One, Lubbock County, testified that the City of Lubbock was located entirely within Precinct One of said county and

that the address where Lozano testified he bought the beer was within the city limits. This proof, together with the showing that only Precinct Two of Lubbock County was "wet" while the remainder of the county is "dry", plus the absence of any proof that this offense occurred within Precinct Two, leads us to the conclusion that the proof is sufficient to establish the allegations in the information that the sale occurred in a "dry" area.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.