415 S.W.2d 926 (1967)
Allen LAMAR, Appellant,
v.
The STATE of Texas, Appellee.
No. 40353.
Court of Criminal Appeals of Texas.
May 17, 1967.
Rehearing Denied June 28, 1967.
Harvey C. Hooser, Jr., Big Spring, for appellant.
Wayne Burns, Dist. Atty., Big Spring, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
MORRISON, Judge.
The offense is robbery by assault; the punishment, 25 years.
Appellant's first ground of error raised by brief filed in the trial court is his allegation that the trial court erred in failing to grant his motion for new trial on the ground that ten days did not expire from the date of arraignment to the date of trial, and that such time was not waived. He relies on Art. 26.04, Vernon's Ann.C.C.P., in *927 support of his contention. Art. 26.04 provides for the appointment of counsel for indigents at arraignment or at any time prior to arraignment and further provides that "the appointed counsel is entitled to ten days to prepare for trial." The ten day provision for preparation is from the date of counsel's appointment to the date of trial, not from the date of arraignment. Counsel for appellant was appointed on June 30, 1966, prior to arraignment, and trial began July 13. Clearly more than ten days elapsed between counsel's appointment and the date trial began.
The next ground of error relates to the court's failure to grant a mistrial when Officer Williams referred to appellant's past record. This allusion occurred during cross examination by the court appointed counsel. Williams, one of the arresting officers, had testified that after appellant got out of his automobile he could then see through the open door and observed the butt of a pistol sticking out from under the driver's seat. He was then asked if it was "against the law for a person to carry a weapon when he is traveling from one part of the state to another part of the state in his vehicle." The State objected to the officer's being asked to express an opinion as to the law, but such objection was overruled, and the question was again propounded to the witness, and he replied that it was "against the law for a felony to carry a gun in his car." Appellant's counsel continued his interrogation and asked the witness, "* * * Of course, Mr. Williams, are you saying this man (appellant) has committed a felony?" To this the witness replied, "From his past record." Since counsel called for the answer which he received, we must conclude that no reversible error is shown by the witness' answer. See Selestino v. State, 172 Tex.Cr.R. 581, 360 S.W.2d 888, and the cases there cited.
His next ground of error relates to the testimony of Officer Williams concerning certain cigarettes and the same pistol referred to in the preceding ground of error. The witness stated that both were visible through the open door as they lay on the floor board. Reliance by appellant upon the holding of this Court in Henson v. State, 120 Tex.Cr.R. 176, 49 S.W.2d 463, is ill advised. In that case the officers effected the arrest and searched accused's automobile for illegal whiskey without a warrant and without probable cause. This Court held the fruits of the search were improperly admitted.
Marsh and Martinez v. United States, 5 Cir., 344 F.2d 317, also relied upon by appellant is not applicable to this appellant's case because the record failed to reveal what the Customs Agent on the border knew about Martinez' activities which caused him to request the Duval County Constable to arrest the accused in that case.
The case at bar is very similar to the facts before this Court in Jones v. State, 171 Tex. Cr.R. 608, 352 S.W.2d 270. The victim of the robbery described his assailants as two colored men in their twenties, one of whom was taller and needed a shave. He also described their automobile as a 1958 model Ford with a light top and a dented fender.
The robbery was shown to have occurred about 9:00 a.m. The arresting officer testified that shortly thereafter he received a description of the automobile and its occupants over a police radio message, and while in search for the robber's automobile, he received another report from other police, who were also in the chase, giving fuller information, including the license number of the automobile, which they were able to secure during their unsuccessful efforts to stop the same. The arresting officer further testified that he gave chase when he observed a 1958 model Ford occupied by two "colored fellows" as it was being driven 80 or 85 miles per hour. While the officer was pursuing the automobile, he observed the driver steering the car with one hand as he leaned over and struck something under the seat. The arrest was effected at 10:15 a.m. on the same morning, and the two men were carried to Stanton, *928 Texas, where they were identified by the victim as the men who had robbed him. He also identified the automobile in custody of the police as being the identical vehicle which was at his gasoline pump at the time of the robbery.
Upon the authority of Jones v. State, supra, we overrule appellant's ground of error relating to the recovery of the pistol and the cigarettes.
Appellant's next ground of error relates to the introduction into evidence of certain cigarettes and contends that the injured party's testimony was not sufficient to show that the cigarettes were taken in the robbery or that they were stolen. Such proof is not required under the allegation of the indictment that defendant took lawful money of the United States.
No reversible error appearing, the judgment is affirmed.