In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00001-CV

                                                ______________________________

 

 

                                     BRENDA CHEATHAM,
Appellant

 

                                                                V.

 

            TEXARKANA COLLEGE AND FRANK COLEMAN, Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 09C0038-102

 

                                                  
                                                

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Brenda Cheatham, the sole appellant
in this case, has filed a motion seeking to dismiss her appeal.  Pursuant to Rule 42.1 of the Texas Rules of
Appellate Procedure, her motion is granted. 
Tex. R. App. P. 42.1.

            We dismiss the appeal.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May 3, 2011

Date Decided:             May 4, 2011

 






id, she wasn't even going to go into the date of
the search warrant, that way it doesn't make the jury -- 

 

 [DEFENSE COUNSEL]: That is no problem. I'm just kind of curious how
it's going to be phrased, as to how they entered his home, or they executed a search
warrant . . . .


It is noted, further, at the conclusion of voir dire, the issue of the relevance of the prior acquittals was
the subject of an exchange between the trial court and Orange's attorney, during which time the trial
court indicated that Orange was not to raise the matter of those acquittals before the jury during the
guilt/innocence phase of the trial. On the record, Orange's attorney then explained that instruction
to Orange. During these discussions, neither Orange nor his attorney voiced any dissent from or
objection to this instruction. Thus, although the trial court made no formal ruling at that juncture,
it is quite clear that Orange was well aware of the trial court's position regarding the admissibility
of evidence of the prior trial, and Orange never objected to that position. He neither thereafter made
an attempt to proffer evidence of the acquittal in the prior trial, nor obtained a ruling that he could
not do so. In this context, it is appropriate to note that a ruling on a motion in limine is not a ruling
that excludes evidence; rather, it merely requires the parties to approach the trial court for a definitive
ruling before attempting to put on evidence within the scope of the order on the motion in limine. 
Bobo v. State, 757 S.W.2d 58, 61 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). "It is
axiomatic that motions in limine do not preserve error." Harnett v. State, 38 S.W.3d 650, 655 (Tex.
App.--Austin 2000, pet. ref'd). A ruling on a motion in limine is not a ruling on the merits, but only
one which regulates the administration of a trial. Accordingly, Orange has failed to preserve any
error concerning this matter for review. (14) See Tex. R. App. P. 33.1.

 Even had Orange preserved this claim for appellate review, we would find no reversible
error. We review evidentiary rulings under an abuse of discretion standard. Salazar v. State, 38
S.W.3d 141, 153-54 (Tex. Crim. App. 2001). The trial court abuses its discretion when it acts
"without reference to any guiding rules and principles, or acts in a manner that is arbitrary or
capricious." Lam v. State, 25 S.W.3d 233, 236-37 (Tex. App.--San Antonio 2000, no pet.) (citing
Montgomery v. State, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990)). A trial court does not abuse
its discretion if its ruling was at least within "the zone of reasonable disagreement." Salazar, 38
S.W.3d at 153-54. At least two cases have found error where a trial court allowed the State to offer
evidence concerning prior extraneous offenses, even though the defendant had been acquitted of
those extraneous allegations. Stuart v. State, 561 S.W.2d 181, 182 (Tex. Crim. App. 1978);
McDowell v. State, 142 Tex. Crim. 530, 155 S.W.2d 377 (1941). Here, it could not be said the trial
court ruling was outside the zone of reasonable disagreement, and therefore, it cannot be said it
abused its discretion. Orange's eighth point of error is overruled. 

XI. NO DOUBLE JEOPARDY

 Orange claims that he was subjected to double jeopardy in violation of the United States and
Texas Constitutions. (15) He argues that because J.P., the victim in the instant case, testified as a
rebuttal witness in the previous trial (see our discussion of Orange's eighth point of error above),
Orange cannot now be subjected to a trial where the prior trial's witness is now the complainant. 
Although Orange offers no authority or reasoning for this contention, it is assumed that he reasons
that if a prior jury acquitted him in the previous case, that jury must have disbelieved J.P.'s
testimony.

 The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the
Fourteenth Amendment, protects an accused against a second prosecution for the same offense for
which he has been previously acquitted or previously convicted. It also protects an accused from
being punished more than once for the same offense. Littrell v. State, 271 S.W.3d 273, 276 (Tex.
Crim. App. 2008).

 It seems self-evident that in two criminal allegations, even if the same crime is alleged, but
different victims are alleged, the crime is not the same offense as contemplated by double jeopardy
law. See Akhil Reed Amar, Double Jeopardy Law Made Simple, 106 Yale L.J. 1807, 1817-18
(1997). (16) For example, where a burglar takes numerous items from one house in one burglary, but
the same items belong to a father and other items belong to the daughter, there is no double jeopardy
violation in charging the burglar with two crimes: theft of the father's property and theft of the
daughter's. Iglehart v. State, 837 S.W.2d 122, 128 (Tex. Crim. App. 1992).

 Here, Orange was not charged with the same offense for which he was previously acquitted.
No jeopardy attached. 

 We overrule Orange's ninth point of error. 

XII. NO ERRORS IN TRIAL COURT EVIDENTIARY RULINGS

 Orange's tenth point of error complains of two trial court evidentiary rulings. We find no
error and overrule the appellate contention.

 A. Adequate Proof of Venue

 Orange complains that one of the witnesses for the State was allowed to provide hearsay
testimony that proved venue. Officer Kevin Freeman testified that in the course of his investigation,
he learned the alleged sexual abuse had occurred at 1320 Shirley Street. After the hearsay objection
was overruled, Freeman said, "I was advised it occurred at 1320 Shirley Street." Next, he said that
the Shirley Street address was outside the Kilgore city limits, but situated within Gregg County. 
Similar evidence came in via another witness. J.P.'s mother testified that during the period Orange
lived with the Williams family, the family lived on Shirley Street. She then testified that their
residence at that time was in the portion of the City of Kilgore lying in Gregg County. This
testimony was not hearsay and elicited no objection. Even if Freeman's statement was hearsay and
the admission of the statement was error, other evidence of the location of the family home was
properly admitted. See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding any
error in admission of hearsay testimony was harmless in light of other properly admitted evidence
proving same fact). Thus, there was sufficient evidence to prove venue by a preponderance of the
evidence, (17) and Orange can prove no harm. 

 B. Extraneous Act Proved in State's Rebuttal Case

 In Orange's case-in-chief, he presented several witnesses who testified to his good reputation
and to the effect that he was safe around children. Persons testified for whom Orange had babysat,
as did the parents of children whom Orange had babysat. In rebuttal, the State called Officer Darren
Mixon, who testified that sometime in 1999 or 2000, he responded to a call of a suspicious vehicle
outside an elementary school in Kilgore. He found Orange sitting in an automobile, about 75 to 100
yards from a playground, using binoculars to watch children on the playground. Orange's
explanation for this conduct was that he was watching a child for whom he was caring. No criminal
offense having occurred, Mixon told Orange to move along, and Orange complied. (18) 

 The trial court did a balancing test pursuant to Rule 403 and found the prejudicial import of
the testimony did not substantially outweigh its probative value. Tex. R. Evid. 403. In making its
ruling, the trial court said:

 The defense put the defendant's character, his character trait for safe dealing with
children, at issue. Therefore, based on that, this Court finds that under Rule 405,
404(b), that it is admissible. Also, under a Rule 403 balancing test, I find that, while
it may be prejudicial, it is relevant and that its probative value is not substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or undue delay. Therefore, I will admit and allow that testimony. 

As a general rule, to prevent an accused from being prosecuted for some collateral crime or
misconduct, the State may not introduce evidence of bad acts similar to the offense charged. Roberts
v. State, 29 S.W.3d 596, 600-01 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). Rule 404
provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of
a person in order to show action in conformity therewith." Tex. R. Evid. 404(b). However,
evidence of extraneous acts and misconduct is admissible when it is relevant to a noncharacter
conformity "fact of consequence" in a case, such as establishing motive, opportunity, intent,
preparation, plan, knowledge, identity, absence of mistake or accident, or rebutting a defensive
theory. Id.; Robbins v. State, 88 S.W.3d 256, 259 (Tex. Crim. App. 2002). 

 Evidence admitted as relevant under Rule 404(b) may nonetheless be excluded under Rule
403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation
of cumulative evidence. Tex. R. Evid. 403; Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim.
App. 1999). Evidence is unfairly prejudicial when it has an undue tendency to suggest that a
decision be made on an improper basis, commonly, but not necessarily, an emotional one. Mozon,
991 S.W.2d at 847 n.7.

 In conducting a Rule 403 balancing test, a trial court should consider the following factors: 
(1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some
irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence;
and (4) the proponent's need for the evidence. Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App.
2000). The Texas Court of Criminal Appeals has held that the balancing test under Rule 403 weighs
in favor of the admission of relevant evidence and carries a presumption that relevant evidence will
be more probative than prejudicial. See Rayford v. State, 125 S.W.3d 521, 529 (Tex. Crim. App.
2003); Williams v. State, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997). With these principles in
mind, we now examine the admissibility of the evidence at issue here under Rule 403.

 We find the probative nature of Mixon's testimony weighs in favor of admission of this
evidence. Much of the State's case was built around the theory of "grooming" and that Orange spent
significant time with young J.P. Orange's own expert said that she would be very concerned if an
adult were found watching children on a playground with binoculars. Because the bulk of Orange's
defensive case consisted of witnesses who said he had provided safe child care, this evidence was
relevant to rebutting Orange's defensive theory. 

 We acknowledge this evidence had the potential to impress the jury in an irrational, indelible
way. For example, the jurors' affidavits discussed above both make mention of the significance the
jury attributed to Mixon's testimony. (19) No criminal act was shown to have been committed by
Orange in the events related by Mixon. This weighs against admission of the testimony.

 Mixon's direct examination testimony took barely two pages of the court reporter's record. 
The time spent proving the extraneous act was negligible, which weighs in favor of its admission.

 As for the State's need to present this evidence, we acknowledge that the complainant's
credibility had been challenged throughout the trial; and J.P. had denied any inappropriate contact
with Orange on more than one occasion before making his allegation. Based on the stream of
witnesses Orange submitted who testified as to his sound character and appropriateness in being
around children, we find this factor weighs slightly in favor of admission. We also point out, as cited
above, the Texas Court of Criminal Appeals' holding that a balancing test under Rule 403 weighs
in favor of the admission of relevant evidence. Rayford, 125 S.W.3d at 529.

 We find admission of Mixon's testimony was within the zone of reasonable disagreement,
and, therefore, the trial court did not abuse its discretion in admitting that testimony. Orange's tenth
point of error is overruled. 

 As a final note, we point out that the trial court judgment lists the Texas Penal Code statute
of the offense for which Orange was convicted, indecency with a child, to be Section 22.021(a)(2)(B)
of the Texas Penal Code. Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2009). 
However, the judgment is erroneous; that statute is aggravated sexual assault, a charge of which
Orange was acquitted. The judgment is also erroneous in stating that Orange was convicted of a
third-degree felony. Orange was indicted and convicted by a jury of indecency with a child by
contact, pursuant to Section 21.11(a)(1) of the Texas Penal Code, a second-degree felony. See Tex.
Penal Code Ann. § 21.11(a)(1), (d) (Vernon Supp. 2009). 

 This Court has the authority to modify the judgment to make the record speak the truth when
the matter has been called to our attention by any source. French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd), the
court noted that the authority of the appellate court to modify incorrect judgments is not dependent
on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate
Procedure provide direct authority for this Court to modify the judgment of the trial court. Tex. R.
App. P. 43.2.

 We modify the trial court judgment to accurately reflect the type and degree of offense for
which Orange was convicted, the second-degree felony offense of indecency with a child by contact. 
As modified, we affirm. 



 Bailey C. Moseley

 Justice


Date Submitted: October 21, 2009

Date Decided: November 19, 2009


Do Not Publish
1. See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).
2. We find the trial court's charge to the jury used in this case to have been in substantial--if
not complete--compliance with the applicable law, and thus, the equivalent of a hypothetically-correct charge. 
3. Kilgore, Texas, is situated astride the line between Gregg and Rusk Counties. We address
venue in our analysis of Orange's tenth point of error. 
4. A video recording of Terrell's November 2004 interview with J.P. was introduced as State's
Exhibit 1. Terrell testified that interview was about an hour long; however, the copy supplied to this
Court ends abruptly after about thirty-seven minutes, clearly in the middle of the interview. 
Although providing exhibits to the appellate court is the court reporter's responsibility (see Tex. R.
App. P. 34.6(a)(1)), in cases like this where audio/visual exhibits are entered into evidence, the
proponent of that evidence would do well to see that the Court is supplied with either the actual
exhibit or a useable copy. 
5. There was evidence the home had a veritable menagerie of animals comprised of three dogs,
two ferrets, two hamsters, and a cockatiel. The dogs seemed to have free range of the interior of the
house and routinely urinated and defecated in it.
6. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2009). 
7. Orange's fourth point of error basically asserts that because the State acknowledged in
opening argument that J.P. had a history of telling lies, his testimony must be completely discounted
or excluded from consideration. We construe this argument as an attack upon J.P.'s credibility,
which was considered and decided by the jury. 
8. Orange also attempts to rely on a third document to which he refers as an affidavit. 
However, that document is not signed; there is a copy of an email in the record purporting to be from
the juror stating that although he did not want to sign it, he would appear to testify about its content. 

9. The only case cited by Orange in this brief assertion of error is Fairfield v. State, 610 S.W.2d
771, 779 (Tex. Crim. App. [Panel Op.] 1981), where a footnote mentions that with a guilty plea, the
trial becomes unitary, that is, only a punishment trial.
10. See Tex. R. Evid. 606(b).
11. See Tex. R. App. P. 21.4, 21.5, 21.7. 
12. We do acknowledge a seeming incongruity in 606(b) strict application: i.e., how is a
purported instance of juror misconduct to be investigated where the only parties to the deliberation
are precluded from discussing events in that deliberation? See Justice Grant's concurrence from
several years ago: 


 I must express concern about Rule 606(b) of the Texas Rules of Evidence. I urge the
Texas Supreme Court and the Texas Court of Criminal Appeals to examine the broad
language of this rule in light of the possible consequences. This rule could
undermine court procedures and render the jury verdicts and deliberations a mockery. 
It prohibits jurors from testifying about anything except outside influences that
affected their decision.


 . . . .


 I understand the need to make verdicts final and the need not to open up the
testimony to what might have been each juror's mental processes, but matters
affecting the fundamental process of jury deliberation should not be forever closed
to judicial review. In the present case, if the jury foreman refused to allow a juror to
change his vote prior to the jury returning its verdict to the court, this should be a
matter that could be considered by the court.


Hart v. State, 15 S.W.3d 117, 124 (Tex. App.--Texarkana 2000, pet. ref'd) (Grant, J., concurring). 
However, Rule 606(b) has been consistently upheld and applied by the Texas Court of Criminal
Appeals, and we find it controls this situation.
13. In the previous three trials, as well as the instant case alleging J.P. as the victim, Gregg
County used "John Doe" and a specific number, probably corresponding with the child victim's date
of birth, to identify each complainant. See Tex. Code Crim. Proc. Ann. art. 57.02(h) (Vernon
Supp. 2009). 
14. Even if Orange had opposed the State's motion in limine regarding evidence of the prior
acquittal, it would have been necessary for him to obtain an adverse ruling during the trial which
prevented him from offering the evidence in order to preserve any error in the matter. See Harnett,
38 S.W.3d at 655.
15. See U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.
16. "[T]wo offenses cannot be the same if they have different legal elements. But under the
Double Jeopardy Clause, an offense must not only be the same in law -- it must also be the same in
fact. Even if Robert is convicted of robbery in an earlier trial, he may later be charged with and tried
for robbery so long as the second indictment concerns a factually different robbery -- committed, say,
on a different day against a different victim. . . . Even if the identity of the robbery victim and the
day of the robbery are not formal elements of the offense of robbery -- in other words, even if the
legal elements in Robert's two trials are identical -- Robert would have no good double jeopardy
defense. He simply broke the same law twice, and thus he may be tried twice and punished twice. 
He may be 'twice put in jeopardy of life or limb' because he committed two offenses, not one."
17. Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); Murphy v. State, 112 S.W.3d 592,
604 (Tex. Crim. App. 2003). 
18. Also, when the State cross-examined Orange's expert on child sexual abuse, Carol Walker,
she was asked about the significance of a man watching children on a playground with binoculars: 
Walker said she would be "very concerned." 
19. Obviously, for the reasons discussed in our preceding analysis, we only consider these
affidavits anecdotally for purposes of reviewing the trial court's Rule 403 balancing test.