■ In Burnet v. State, 150 Tex.Cr.R. 575, 205 S.W.2d 47, 49, Judge Hawkins said, " 'Res gestae statements may some times operate as self-serving, but if they are res gestae they are still admissible.' "

In view of our disposition of the cause, a discussion of the remaining bills of exception will not be necessary.

For the errors assigned, the judgment of the trial court is reversed and the cause remanded.

## MARTINEZ v. STATE.

### No. 26931.

Court of Criminal Appeals of Texas.

April 7, 1954.

On Motion to Reinstate Appeal May 19, 1954.

Henrichson, Bates & Hall, by James S. Bates, Edinburg, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

GRAVES, Presiding Judge.

Appellant was tried and convicted as a second offender for unlawfully driving a motor vehicle upon a public highway while intoxicated, and his punishment was as-

sessed at confinement in the county jail for one year.

This cause went to trial on December 7, 1953, at a regular term of the District Court of Hidalgo County, the caption evidencing the fact that the term began on the 2nd day of November, 1953, and ended on the 26th day of December, 1953. The motion for new trial herein was filed on December 11, 1953, and was overruled by the court on December 18, 1953. Appellant was sentenced on the date last mentioned.

 On December 21, 1953, it being at the same term of court at which the trial was had, appellant entered into an appeal bond signed by two sureties. The bond should have been a recognizance as required by Articles 816 and 818, Vernon's Ann.C.C.P., instead of an appeal bond.

In the absence of a proper recognizance in the record, this court is without jurisdiction to entertain the appeal. It is therefore ordered dismissed.

On Appellant's Motion to Reinstate Appeal

WOODLEY, Judge.

Appellant has entered into a proper appeal bond and the appeal is reinstated and will be considered.

[3] The sole question presented is the sufficiency of the evidence to identify appellant as the person convicted of the prior misdemeanor offense of driving while intoxicated, alleged in the indictment.

Mr. George L. Anderson, County Clerk of Hidalgo County, testified for the state and identified a judgment shown on page 71 of the minutes of the County Court of said County in Cause No. 3474, State of Texas v. Feliciano Martinez, filed May 14, 1946, the fine assessed showing to have been paid the same day. The affidavit, information and judgment appear to have been introduced as exhibits, but are not found in the record.

L. L. Posey, who was a deputy sheriff of Hidalgo County in 1946, identified his signature on the complaint and testified that he filed it before J. R. Alamia against Feliciano Martinez and that he believed Feliciano Martinez "is the same gentleman that sits here at the counsel table in this case."

Posey admitted on cross-examination "to be perfectly plain about it, I do not know whether this man sitting at the counsel table is Juan Garcia or anybody else."

Appellant's confession was admitted in evidence wherein he said "Sometime during the year 1946 I paid a fine for driving while intoxicated in this county. I remember paying a fine of fifty dollars and costs." He did not testify at the trial.

While the identification of appellant as being the defendant in Cause No. 3474 in the County Court of Hidalgo County is not as complete as it should have been, we have reached the conclusion that the evidence on this point is sufficient. The evidence clearly shows his guilt of the presently charged act and need not be set out.

The judgment is affirmed.