VICTOR USENER V. STATE

No. 27,386. January 26, 1955

*Dooley & Hoerster*, by *Richard Hoerster*, Fredericksburg, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the felony offense of drunken driving. Art. 802b, Vernon's P.C. The punishment was assessed at a fine of $100 and twenty days in jail.

The prior conviction relied upon to constitute the offense was alleged to have occurred in the county court of Kendall County on the 13th day of September, 1948, in Cause No. 676 against this appellant.

The disposition of this case turns upon whether the state identified the appellant as being the person who was convicted and referred to in the judgment of conviction.

To identify appellant as the person so convicted, the state relied mainly upon the testimony of M. J. Lehmann, who, at the time of the giving of his testimony, was the county judge of Kendall County and, at the time of the alleged prior conviction, was a practicing attorney in Kendall County.

The certified copy of the judgment of conviction showed that on September 13, 1948, in Cause No. 676 in the county court of Kendall County, one Victor Usener appeared in person and by his attorney, Honorable M. J. Lehmann, and, through his said attorney, pleaded guilty of the offense charged in the information, and was adjudicated guilty of the offense of operating a motor vehicle upon a public highway while intoxicated.

The witness Lehmann failed to identify appellant as the person named in the judgment or as the one he represented, as attorney, and for whom he entered a plea of guilty in that case.

The witness was asked: "You simply can't say, though, Judge Lehmann, that this is the man you represented?" His answer was: "No. I don't, I just haven't seen - -"

The witness was then asked: "Could it have been somebody else?" His reply was: "Yes, it could have been. I just can't identify this man. . . ."

Recognizing the position it was in by this testimony, the state resorted to circumstantial evidence to establish the identification.

It was shown that Victor Usener, the appellant, was the only son of Judge Herman Usener; that the witness Lehmann, on only one occasion, represented Victor Usener, the son of Judge

Herman Usener, for driving while intoxicated, such occasion being in the county court of Kendall County before Judge Balser, who, as the judge, entered the prior judgment of conviction referred to and signed it.

Any fact may be established by circumstances, as well as by direct testimony.

We are constrained to conclude that the circumstances are sufficient to authorize the jury's conclusion that the appellant was the person named in the judgment of conviction.

The judgment of the trial court is affirmed.