WILLARD WAYNE MAYNARD v. STATE.

No. 31,022. November 18, 1959.
Motion to Reinstate Appeal Granted January 20, 1960.

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, Texas, for appellant.

*William J. Gillespie,* County Attorney, by *J. W. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the State.

WOODLEY, Judge.

The complaint and information contained three counts alleging separate offenses of speeding. Each count alleged for enhancement of punishment purposes a separate prior conviction in corporation court for speeding.

The jury found appellant guilty upon all three counts and assessed the punishment as to each at 30 days in jail and a fine of $100.00 and the judgment rendered cumulated the jail terms.

The state moves that the appeal be dismissed because the record does not show that notice of appeal was given in open court and entered of record, as required by Art. 827 V.A.C.C.P.

The motion is well taken. Baker v. State, 137 Texas Cr. Rep. 172, 128 S.W. 2d 1201.

The appeal is dismissed.

ON MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge.

Supplemental transcript having been filed showing that notice of appeal was properly given and entered, appellant's motion to reinstate the appeal is granted.

The principal point raised is the sufficiency of the evidence to identify appellant as the defendant in the corporation court convictions.

The state offered the testimony of the arresting officer in each case identifying appellant as the person who was arrested and to whom certain numbered speeding tickets were issued. Complaints and judgments of the corporation court bearing these same numbers were offered in evidence.

No person who was present at the trial, if there was a trial, identified appellant as the defendant in either of the corporation court cases. He did not, so far as the record reveals, sign any authorization for a plea of guilty to be entered for him.

The state relies upon Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114; Martinez v. State, 160 Texas Cr. Rep. 142, 268 S.W. 2d 139; Usener v. State, 161 Texas Cr. Rep. 62, 274 S.W. 2d 710 and Ellison v. State, 154 Texas Cr. Rep. 406, 227 S.W. 2d 545, in each of which the evidence was held sufficient though there was no testimony from a witness present at the prior trial to identify the defendant as the person previously convicted.

The cases cited all dealt with a prior conviction in the county court for an offense for which a jail term could be assessed and at the trial of which the presence of the defendant was mandatory. We are unwilling to extend these holdings to cases where the defendant is not required to attend the trial. The evidence shows that in the Lubbock Corporation Court anyone may appear before the cashier and pay a fine, which results in the entry of a judgment of conviction against the person to whom a designated traffic ticket was issued.

We conclude that the evidence is insufficient to sustain a finding that appellant was previously convicted as alleged. Without the prior convictions available for enhancement, the punishment assessed is in excess of the maximum provided for the offenses charged.

The judgment is reversed and the cause remanded.