**William Kirvin BARLOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38933.**

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied March 2, 1966.

Paul W. Wisdom, Jr., Cervin & Stanford, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Zimmermann, Mike Everett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 802b, Vernon's Ann.P.C., for the subsequent offense of drunken driving; the punishment, eight months in jail.

It was shown by the testimony of the state's witnesses that on the night in question the appellant, while driving his automobile in a westerly direction on Military Parkway in the city of Dallas, was involved in a collision with a Cadillac automobile that was stopped at a stop sign on Forney Road. In the collision, a trailer, carrying a boat behind appellant's automobile, struck the Cadillac and appellant's automobile came to a stop some sixty feet from the intersection.

Officers Short and Stark, who went to the scene and investigated the accident and had occasion to observe appellant, testified that he had the smell of alcohol on his breath, that his speech was slurred and his eyes were bloodshot, and that he staggered when he walked, and each officer expressed his opinion that appellant at such time was drunk. In their investigation the officers found on the front seat of appellant's automobile a fifth of Canadian Club whisky that was about half full. Two-fifths of Canadian Club whisky which had not been opened and two cases of Busch Bavarian beer were found on the back seat.

Robert H. Stinson, an assistant district attorney, called as a witness by the state, testified that while in private practice on June 25, 1959, he represented the appellant in "Judge Gauldin's County Criminal Court No. 2 in Cause No. 17882 B," and that on such date appellant was convicted of the misdemeanor offense of driving while intoxicated. He further testified that such conviction became final prior to the date of the commission of the primary offense.

Testifying as a witness in his own behalf, appellant stated that he had only had two drinks of whisky prior to the time of the collision and swore that the Cadillac automobile was not parked at the intersection but was traveling on Military Parkway, and that the collision occurred when the boat on his trailer jackknifed. On cross-examination, appellant testified that he was the same "William Kirvin Barlow" who Attorney Stinson testified "was convicted in Judge Gauldin's court back in 1959."

■ We overrule appellant's contention that the evidence is insufficient to support the conviction because the state failed to prove that he had been previously convicted of the misdemeanor offense of driving a motor vehicle upon a public street while intoxicated, as alleged in the indictment.

The testimony of Attorney Stinson and appellant's own admission while testifying in his own behalf were sufficient to establish this allegation in the indictment.

■ We also overrule the contention that permitting the state to read the allegations of the second paragraph of the indictment, charging the prior misdemeanor conviction of driving while intoxicated before the jury had passed upon the issue of whether appellant committed the act charged in the first paragraph of the indictment, constituted a denial of due process guaranteed to appellant under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

By the provisions of Art. 802b, supra, under which the indictment was drawn, the prior misdemeanor conviction is an element of the subsequent felony offense of drunken driving. Skaggs v. State, 160 Tex.Cr.R. 20, 266 S.W.2d 871. To sustain a conviction for such felony offense, it was incumbent upon the state to plead and prove the prior misdemeanor conviction. Johnson v. State, 160 Tex.Cr.R. 290, 269 S.W.2d 393. To vest the district court with jurisdiction it was necessary for the indictment to allege the

prior misdemeanor conviction. Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93.

We do not agree that Art. 802b, supra, is unconstitutional because it permits the state to plead and prove the prior misdemeanor conviction in making out its case before the jury of the subsequent felony offense of driving while intoxicated.

This court has not followed the holding in Lane v. Warden, 4th Cir., 320 F.2d 179, cited by appellant, but, on the contrary, has consistently rejected the claim that reading to the jury that portion of an indictment alleging a prior conviction for the purpose of enhancement of the penalty, before a determination of guilt of the primary offense, constitutes a denial of due process of law. Ex parte Gomez, Tex.Cr.App., 389 S.W.2d 308; Stoneham v. State, Tex.Cr. App., 389 S.W.2d 468. See, also, Breen v. Beto, 5th Cir., 341 F.2d 96.

·The informal bills of exception appearing in the record have been examined and do not present reversible error.

The judgment is affirmed.

Opinion approved by the court.