**Anthony Z. CLOPTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39827.**

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

Tom Upchurch, Jr., Amarillo (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender; the punishment, two years.

In making out its case as to the prior conviction alleged for enhancement, the State showed that appellant had been convicted in Potter County in a certain cause number and had been granted probation in said cause, but there was no showing that the order granting probation had been revoked. In the absence of proof of a final conviction of driving a motor vehicle on a public road while intoxicated, the evidence is insufficient to support a conviction of the subsequent offense of driving while intoxicated under Article 802b, Vernon's Ann.P.C.

Since no order revoking probation nor any judgment of conviction was introduced, there was no proof of a prior conviction, which is an essential element of the felony charged in an indictment. Skaggs v. State, 160 Tex.Cr.R. 20, 266 S.W.2d 871.

In view of another trial attention is directed to the rule that an indictment may not be amended as to a matter of substance, and the date of a former conviction alleged for enhancement is a matter of substance. Morman v. State, 127 Tex.Cr.R. 264, 75 S.W.2d 886.

The judgment is reversed and the cause is remanded.