Doyle Eugene BOILES, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–109–CR.

Court of Appeals of Texas,
Austin.

Dec. 14, 1983.

Darrell Guess, Taylor, Taylor, Gauntt & Guess, Temple (court-appointed), for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an appeal from an order revoking appellant's felony probation. Appellant raises two grounds of error that the trial court abused its discretion in revoking probation because (1) the written findings of the court have no support in the evidence or pleadings in the motion to revoke, and (2) there was no evidence at the original trial for the primary offense to support the felony conviction of appellant.

We will affirm the judgment of the trial court.

Appellant was indicted for the felony offense of driving while intoxicated on or about *July 5, 1980.* The indictment alleges that, "before the commission" of this felony offense, appellant was convicted on *August 3, 1979,* of the misdemeanor offense of driving while intoxicated.

Appellant "judicially confessed" to the felony by signing a written stipulation pursuant to a plea bargain, entered a plea of guilty "to the charge as alleged in the indictment," and waived his right to appeal. The evidence supporting appellant's guilty plea is the written stipulation, in which appellant admits the July 5, 1980 offense of driving while intoxicated in Bell County, "and that *before the commission of the aforesaid offense,* the said Doyle Eugene Boiles was duly and legally convicted of a misdemeanor on the *3rd day of August 1980* in the County Court Criminal of Dallas County, Texas...." [emphasis added]

In accordance with the plea bargain, the trial court assessed punishment at five years confinement in the Department of Corrections, probated for five years. The terms of probation included a condition that appellant "[n]either commit nor be convicted of any offense against the Laws of the

**172**

State of Texas; any other State or of the United States of America."

The State subsequently filed a motion to revoke appellant's probation alleging that he had violated this condition by the offense of driving while intoxicated in *Taylor County,* Texas. At the revocation hearing, the trial court heard evidence concerning appellant's arrest and incarceration for driving while intoxicated in *Taylor County,* Texas. The trial court revoked appellant's probation and sentenced him to no less than two nor more than five years in the Department of Corrections. In its oral findings, the trial court stated "that the allegations [sic] *as contained in the Motion to Revoke* alleging that you did on or about the 3rd day of March 1981, knowingly and willfully operate a motor vehicle upon a public highway while under the influence of intoxicating liquor *is true as laid out by the evidence.*" [emphasis added] The oral findings included no reference to any county, state or nation as the site of the offense.

Recited in the trial court's written order revoking probation is the finding that appellant violated his probation by driving while intoxicated on a public highway "in the *County of Bell,* the State of Texas."

We will consider appellant's grounds of error in reverse order. In his second ground of error, appellant argues that because the stipulation of evidence in his felony conviction contains an impossible date, there is "no evidence" of the primary misdemeanor offense to support the felony conviction.

As previously noted, the indictment in this case properly alleged that the misdemeanor conviction occurred on August 3, 1979, "before the commission" of the felony offense on or about July 5, 1980; appellant pleaded guilty "to the [felony] charge as alleged in the indictment"; and appellant's judicial confession contains the stipulation that the misdemeanor conviction occurred "before the commission" of the July 5, 1980 felony offense.

■ A prior conviction of misdemeanor driving while intoxicated is an essential element of the offense of felony driving while intoxicated. *Clopton v. State,* 408 S.W.2d 112 (Tex.Cr.App.1966); *Skaggs v. State,* 160 Tex.Cr.R. 20, 266 S.W.2d 871 (1954); Tex. Rev.Civ.Stat.Ann. art. 67011-2 (Supp.1982).

■ Sufficiency of the evidence of a prior conviction may not ordinarily be collaterally attacked in a probation revocation proceeding, but an exception may exist if there is *no evidence* and due process has been violated. *See Wolfe v. State,* 560 S.W.2d 686 (Tex.Cr.App.1978), and cases cited therein.

In the record of the case before us, however, we believe evidence does exist to support the underlying plea of guilty and the conviction upon which appellant's probation was based. *Id.,* at 688.

Even though the stipulation of evidence includes the erroneous and impossible date of August 3, 1980 for the prior misdemeanor conviction, we do not believe this contradiction destroys the other portions of appellant's admission. As with any other testimony, it may be accepted or rejected in whole or in part by the trial court when deciding the weight and credibility of the evidence. *Cf. Clawson v. State,* 440 S.W.2d 638 (Tex.Cr.App.1969).

■ We hold that, under the circumstances of this case, the recitation of identical language in the indictment and in the stipulation of evidence in appellant's judicial confession—that the misdemeanor conviction occurred "before the commission" of the July 5, 1980 offense—is evidence to support appellant's plea of guilty "to the charge as alleged in the indictment." Appellant's contention is an impermissible attempt to collaterally attack the sufficiency of the evidence of the prior conviction and his second ground of error is overruled. *Wolfe v. State, supra* at 688.

In his remaining ground of error, appellant complains that the trial court abused its discretion because the written findings of the court on the motion to revoke probation have no support in the evidence or pleadings.

■ A written order revoking probation controls over an oral pronouncement of the trial judge. *Clapper v. State,* 562 S.W.2d 250 (Tex.Cr.App.1978). But errors in judgments and orders of the trial court may be reformed and corrected on appeal if the reviewing court has the necessary data and evidence before it to do so. *Bowden v. State,* 627 S.W.2d 834 (Tex.App.1982, no pet.); Tex.Code Cr.P.Ann. art. 44.24(b) (Supp.1982).

■ As noted, the motion to revoke in this case alleges, and the proof at hearing establishes, that appellant's violation of probation took place in Taylor County, Texas. The trial court's oral finding, while not reciting the geographic location of the violation, stated that the allegation "as contained in the Motion to Revoke . . . is true as laid out by the evidence." There is no variance between the motion to revoke, the proof, and the trial court's oral finding.

■ Furthermore, the particular county in which the offense occurred is not an essential element of the State's proof in a probation revocation. *Montez v. State,* 629 S.W.2d 871 (Tex.App.1982, no pet.).

This being so, and this Court having before it the necessary data and evidence, we reform the written order of the trial court to recite that the violation of Condition No. 1 of appellant's probation occurred in the County of Taylor, the State of Texas.

The order of the trial court revoking appellant's probation is affirmed as reformed.