Moody Eugene **FREEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00641–CR.

Court of Appeals of Texas, Dallas.

June 17, 1987.

John Hagler, Randy Taylor, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

Thomas, Justice.

This appeal is from a felony conviction for the offense of driving while intoxicated (DWI) for which Freeman was assessed a one year probated sentence and a fine of $750.00. Freeman contends that the indictment failed to allege a jurisdictional element; namely, that one of the prior convictions alleged for enhancement purposes was committed within ten years of the primary offense. We disagree, and affirm the judgment of the trial court.

Freeman was indicted in September of 1985 for his third DWI offense. In order to elevate the offense from a misdemeanor to a felony, the two prior DWI convictions were alleged in the indictment pursuant to the DWI statute, TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(e) (Vernon Supp.1987). This enhancement provision reads as follows:

> (e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:
> (1) a fine of not less than $500.00 or more than $2,000.00; and
> (2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than sixty days or more than five years.

Further, art. 6701*l*–1(i) provides:

> A conviction may not be used for the purpose of enhancement under Subsection (d) or (e) or this article if:
> (1) the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than ten years before the offense for which the person is being tried was committed; and

> (2) the person has not been convicted of an offense under this article or an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701*l*–2, Revised Statutes, committed within ten years immediately preceding the date on which the person is being tried was committed.

The indictment properly recited in the second paragraph that the prior DWI offense was "committed within ten years from the date of the commission of the offense alleged in the first paragraph hereof." However, the indictment then alleged that the prior DWI offense outlined in the third paragraph was "committed within 10 years from the date of the commission of the offense alleged in the second paragraph hereof." Freeman contends that the allegation that the second prior conviction was committed within ten years of the commission of the first conviction does *not* limit the commission of such offense to within ten years of the commission of the primary offense. Since the indictment failed to allege that the commission of the second prior conviction was within ten years of the primary offense, Freeman asserts that the indictment failed to properly allege a felony offense under the provisions of Article 6701*l*–1(e) and the case must be dismissed for lack of jurisdiction. We cannot agree.

 The sole issue before us in this instance is whether the DWI statute requires the State to allege in the indictment that the two prior convictions were committed within ten years of the date on which the primary offense was committed in order to adequately allege a felony offense for jurisdictional purposes. We hold that it does not.

A prior conviction of misdemeanor driving while intoxicated is an essential element of the offense of felony driving while intoxicated. *Clopton v. State*, 408 S.W.2d 112 (Tex.Crim.App.1966); *Skaggs v. State*, 160 Tex.Cr.R. 20, 266 S.W.2d 871 (1954). In alleging a prior conviction for enhancement of punishment, the allegations should include the court in which the conviction was obtained, the time of the conviction,

and the nature of the offense. *Hollins v. State*, 571 S.W.2d 873, 876 (Tex.Crim.App. 1978). In the instant case the indictment alleges two prior final DWI convictions; the date of each conviction, the court of each conviction, the case number of each conviction, and the nature of each offense is included therein. This information is sufficient to allege a felony offense under the DWI statute and establish the district court's jurisdiction.

The enhancement provisions of the DWI statute must be viewed independently of other enhancement statutes applying to other types of offenses, and other general enhancement schemes are excluded. *Guinn v. State*, 696 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd.) Thus, the manner in which other enhancement provisions have been interpreted and reviewed by the courts is not relevant in our resolution of this issue. This court must look to the language of the statute itself to determine its application.

The language of art. 6701*l*–1(e) specifically states:

If it is shown *on the trial* of an offense under this article that the person has previously been convicted two or more times of an offense under this article ...

(Emphasis added.) Thus, the DWI statute allows the State to show during the trial of the primary offense that the two prior convictions occurred. Since subsection (i) of the statute pertaining to the ten year requirement falls under subsection (e), the statute allows the State to prove the time in which the offenses were committed during the trial also. It is clear from the language of the statute that it does not require the ten year requirement to be *alleged;* rather it is an evidentiary matter which the state must prove during the trial of the defendant. Thus, a review of the record is necessary to determine whether the State did in fact prove that the two prior offenses occurred within ten years of the primary offense. *Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex.Crim.App.1978); *McKenzie v. State*, 159 Tex.Cr.R. 345, 263 S.W.2d 562 (1953).

The record before us does not contain a statement of facts. Without a statement of facts properly before us, nothing is presented for our review. *Kirkland v. State*, 489 S.W.2d 298, 300 (Tex.Crim.App. 1973); *Slade v. State*, 400 S.W.2d 570, 571 (Tex.Crim.App.1966); *Grider v. State*, 398 S.W.2d 937, 938 (Tex.Crim.App.1966); *Aguirre v. State*, 680 S.W.2d 567, 570 (Tex. App.—Corpus Christi 1984, no pet.).

Accordingly, the judgment of the trial court is affirmed.