No. 04-99-00004-CR



Craig Thomas MELLOR,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-4053


Honorable Sharon MacRae, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice

 

Delivered and Filed: May 10, 2000


AFFIRMED


 Craig Thomas Mellor ("Mellor") appeals his conviction of driving while intoxicated. Mellor
presents two points of error, complaining: (1) the evidence is factually insufficient to support his
conviction; and (2) section 49.09 of the Texas Penal Code violates both the Texas and United States
Constitutions. We overrule each of Mellor's contentions and affirm the trial court's judgment.


Background


 Mellor was driving home from a bar at around 2:30 in the morning when he was stopped for
running a red light. Officer Ambriz approached Mellor's vehicle on the driver's side, while Officer
DeLeon approached along the passenger side of the vehicle. Ambriz testified that Mellor produced
his driver's license in response to Ambriz's request; however, Mellor had difficultly locating his
proof of insurance. In his frustration, Mellor grabbed the contents of his glove compartment and
handed it to Ambriz. Ambriz also observed that Mellor had slurred speech and glassy eyes. 

 Based on these indicators, Ambriz asked Mellor to exit his car. As Mellor walked to the rear
of the car, he was holding onto the car for support. When Mellor reached the rear of the car, he
leaned against the trunk until Ambriz requested Mellor to step away from the car. Ambriz smelled
a strong odor of intoxicants on Mellor's breath and proceeded to conduct three field sobriety tests. 
Ambriz testified that Mellor failed two of the tests and refused to perform a third. Mellor was then
arrested and transported to the Bexar County Sheriff's Office, where Mellor refused to take a breath
test. Because Mellor refused the breath test, Ambriz made a videotape of Mellor. Mellor refused
to perform the field sobriety tests on tape.

 During cross-examination, Mellor's attorney challenged Ambriz with the inconsistencies
between his trial testimony and his prior testimony at an administrative license revocation
proceeding. Inconsistencies existed between which test Mellor failed and which test Mellor refused
to perform. On re-direct examination, Ambriz testified that his report would contain the most
accurate information regarding the events that occurred when Mellor was arrested. The report
reflected that Mellor failed the horizontal gaze nystagmus and one leg stand test and refused to
perform the walk and turn test. Mellor's attorney also asked Ambriz whether Mellor had mentioned
that he suffered from gout. Ambriz did not recall being told of that condition, and testified during
re-direct that gout would not cause Mellor's breath to smell of intoxicants. Ambriz further testified
that he believed Mellor's speech was still slurred when he was videotaped; however, Ambriz stated
that Mellor appeared better in the videotape because it was taken an hour after he was arrested.

 The bartender who served Mellor on the night he was arrested testified that Mellor arrived
around 9:30 p.m. and left around 2:15 a.m. The bartender stated that he only served Mellor three
beers during that time. The bartender described Mellor as a good customer. On cross-examination,
the bartender admitted that he could have some liability if he served an intoxicated patron. In
addition, the bartender's credibility was challenged by the fact that two bartenders served drinks at
the bar although the bartender stated that he kept an accurate count of all drinks served to Mellor.

 Mellor testified that he was frustrated when he was pulled over because of the effect that a
traffic ticket would have on his insurance. Mellor stated that it was his frustration that caused him
difficulty in retrieving his proof of insurance and, ultimately, Officer DeLeon reached in the car to
retrieve the insurance card. Mellor testified that he had difficulty with the field sobriety tests because
of his weight and because of his gout condition, which made his ankles weak. Mellor stated that he
told the officers at the scene of his condition but did not think to restate his condition when he was
being videotaped. Mellor's counsel elicited testimony from Officer DeLeon that the validity of the
one leg stand and walk and turn tests would be affected if the person being tested was 50 pounds
overweight. Mellor testified that he was five feet, seven and one-half inches tall and weighed two
hundred and five pounds. Mellor stated that his ideal weight was around 150 pounds.

 After hearing this evidence, a jury found Mellor guilty of driving while intoxicated. Mellor
timely filed this appeal from the trial court's judgment based on that verdict.

Factual Sufficiency


 In his first point of error, Mellor challenges the factual sufficiency of the evidence to support
the jury's verdict. In our factual sufficiency review, we must consider all of the evidence to
determine whether the judgment is "so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We
must review the jury's weighing of the evidence in a deferential manner to avoid substituting our
judgment for that of the jury. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Our
review of the evidence must not substantially intrude upon the jury's role as the sole judge of the
credibility of witness testimony. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). The weight to be given contradictory testimonial evidence is within the sole province of the
jury, because it turns on an evaluation of credibility and demeanor. See Cain, 958 S.W.2d at 408-09.

 Although Mellor's counsel attempted to challenge Ambriz's credibility, it was within the
jury's province to believe Ambriz's testimony and to disbelieve Mellor. The jury could have chosen
to believe that portion of Ambriz's testimony that was supported by his written report. Furthermore,
the jury was in a position to view the videotape and compare Mellor's manner of speech during trial
with his manner of speech on the tape. Considering all of the evidence and the jury's ability to
evaluate credibility and demeanor, the judgment is not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Mellor's first point of error is overruled.


Constitutionality of Section 49.09 of the Texas Penal Code


 In his second point of error, Mellor challenges the facial constitutionality of section 49.09
of the Texas Penal Code.(1) We summarily reject Mellor's contention based on existing precedent. 
See Diamond v. State, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975) (statutes using prior convictions
to create new offense withstand attacks under the Fifth, Sixth, and Fourteenth Amendments of the
United States Constitution for same reasons such attacks are rejected with respect to enhancement
statutes); Barlow v. State, 398 S.W.2d 933, 935 (Tex. Crim. App. 1966) (rejecting due process
challenge to state's ability to plead and prove prior conviction in DWI case); see also Tamez v. State,
11 S.W.3d 198 (Tex. Crim. App. 2000) (discussing balancing of article 36.01(a)(1) and Rule 403
in felony DWI prosecutions); cf. Crocker v. State, 385 S.W.2d 392, 393-94 (Tex. Crim. App. 1964)
(reading indictment alleging prior offense does not deny due process of law). Mellor's second point
of error is overruled.

Conclusion


 The trial court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE

 

DO NOT PUBLISH

1. Because Mellor challenges the facial validity of the statute, rather than the constitutionality of its application,
he was not required to raise his constitutional challenge below in order to preserve error. See Sullivan v. State, 986
S.W.2d 708, 711 (Tex. App.--Dallas 1999, no pet.); Gravis v. State, 982 S.W.2d 933, 938 (Tex. App.--Austin 1998,
pet. ref'd).