Affirmed and Memorandum Opinion filed October 7, 2004









Affirmed
and Memorandum Opinion filed October 7, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00031-CR

____________

 

TERRANCE JARROD
BUTLER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 919,000

 



 

M E M O R A N D U M   O P I N I O N

Appellant waived a jury trial and pleaded
guilty to the felony of aggravated kidnapping. 
The trial court assessed punishment at twenty years’ confinement in the
Texas Department of Criminal Justice, Institutional Division.  In a single point of error, appellant
contends the evidence was legally insufficient to support his conviction.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND








Appellant initially met with Officer Larry
Allen in July of 2002 when the officer attempted to buy crack cocaine from
appellant as part of a narcotics operation. 
Appellant later forced Officer Allen into a car at gunpoint and
threatened to kill him.  On August 9,
2002, the State filed an indictment that charged appellant with using and
threatening to use deadly force in the officer’s abduction.  The indictment recited that this felony took
place “on or about July 24, 2002.” 
R.R. at 7 (emphasis added).  Appellant
ultimately signed a judicial confession, waived his right to a trial by jury,
and pleaded guilty.  In addition to
admitting that the indictment’s allegations were true, appellant’s judicial
confession recited that he committed the offense “on July 24, 2003.”  R.R. at 45 (emphasis added).

ANALYSIS

In his sole point of error, appellant
contends that the evidence was legally insufficient to support his conviction
because the State’s proof showed that he committed a crime in 2003 while the
indictment charged that he committed a crime in 2002.  The State argues that appellant waived any
objection to the variance between his indictment (alleging a 2002 offense date)
and the proof (of a 2003 offense date) by failing to comply with Rule
33.1(a)(1) of the Texas Rules of Appellate Procedure.  Tex.
R. App. P. 33.1(a)(1) (“As a prerequisite to presenting a complaint for
appellate review, the record must show that. . .the complaint was made to the
trial court by a timely request, objection, or motion. . . .”); Mackintosh
v. State, 845 S.W.2d 361, 361 (Tex. App.—Houston [14th Dist.] 1992, no
pet.) (variances must be brought to trial court’s attention to preserve
error).  








In this case, appellant’s failure to
object is not dispositive. Appellant was convicted only after he waived a jury
trial and pleaded guilty as article 1.15 provides.[1]  Article 1.15 is a mandatory statute.  McClain v. State, 730 S.W.2d 739, 742
(Tex. Crim. App. 1987) (en banc).  A
criminal defendant cannot waive article 1.15’s requirement that the State
introduce evidence showing his or her guilt. 
Id. at 741 (“[E]rror in failing to satisfy the mandatory
requirements of the statute may be raised for the first time on direct
appeal.”); Stewart v. State, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st
Dist.] 2000, no pet.) (“[F]ailure to comply with this mandatory statute cannot
be waived by the accused.”) (citing McClain); see also Keller v.
State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet.
granted) (limiting review to whether sufficient evidence supported the judgment
of guilt under article 1.15 where appellant did not object in the trial
court).  Therefore, we will address
appellant’s assertion that the State failed to introduce evidence to support
his conviction as article 1.15 requires.

The evidence the State introduces to
support a conviction may consist of only a judicial confession.  Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979).  The State
introduced some evidence that did not vary at all from the indictment.  Appellant’s judicial confession, admitted as
State’s Exhibit 1, restated the allegation in the indictment “on or about July
24, 2002, did then and there unlawfully, intentionally and knowingly abduct
Larry Allen. . . .”  Appellant then acknowledged
the truth of these charges in his judicial confession: “I understand the above
allegations and I confess that they are true. . . .”  This judicial confession, standing alone,
satisfies article 1.15’s requirement that the State introduce evidence supporting
appellant’s conviction.  See id.; Stewart
v. State, 12 S.W.3d  146, 148 (Tex.
App.—Houston [1st Dist.] 2000, no pet.); Lemons v. State, 953 S.W.2d
825, 828 (Tex. App.—Corpus Christi 1997, no pet.).  








Although in the same judicial confession
appellant states that the acts were committed on July 23, 2003, this is merely
conflicting evidence.  Burger v. State,
920 S.W.2d 433, 435 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (“In
reviewing the sufficiency of stipulated evidence to support the trial court’s
finding of guilt, we view stipulations as if they were actual witness
testimony.”).  Contrary to appellant’s
assertions, this contradiction does not require reversal.  See Boiles v. State, 662 S.W.2d 170,
172 (Tex. App.—Austin 1983, no pet.) (upholding conviction where defendant
pleaded guilty to the felony as charged in the indictment even though
defendant’s judicial confession stated a different offense date); Moraski v.
State, No. 05-01-01929, 2003 WL 187422 (Tex. App.—Dallas Jan. 29, 2003, pet
ref’d.) (not designated for publication) (upholding conviction where defendant
confessed in a jury waiver to the offense charged in the indictment even though
defendant’s judicial confession stated a different offense date).

Because the State introduced legally
sufficient evidence to support appellant’s conviction, we overrule appellant’s
sole point of error and affirm the judgment of the trial court.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 7, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1]  Article 1.15
addresses the procedure for a defendant accused of a felony to waive the right
to trial by jury:

[I]t shall be necessary for the
state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment
and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same. 

 

Tex. Code Crim.
P. art 1.15.